[No. G027960. Fourth Dist., Div. Three. Dec. 10, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGER THOMAS ANSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A. and B. of the DISCUSSION.

**COUNSEL**

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle Boustany and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FYBEL, J.**—Roger Thomas Anson appeals from a judgment of conviction for a misdemeanor violation of the Gun-Free School Zone Act of 1995 codified at Penal Code section 626.9 (all further statutory references are to the Penal Code). This court has jurisdiction because defendant was solely charged with a felony violation of section 626.9.

After defendant was arrested for indecent exposure, a police officer conducted a search of his camper. The officer found handcuffs and a loaded .380-caliber semiautomatic handgun. Defendant was convicted for misdemeanor possession of a firearm within 1,000 feet of an elementary school, in violation of section 626.9.

Defendant contends (1) the trial court erred by failing to suppress evidence from the search of the camper because the search was based on an unlawful arrest, and (2) defendant's camper qualified as a residence excepted from the requirements of section 626.9. We affirm.

In the unpublished portion of this opinion, we hold that the trial court did not err by refusing to suppress evidence obtained by a search conducted incident to defendant's arrest.

In the published portion of this opinion, we hold that defendant's camper does not qualify for the residence exception in section 626.9.

BACKGROUND

Defendant owned a 1988 Toyota camper. The camper included a cab area where the driver and a passenger could sit. Behind the cab area there was a living space which included a sink, a stove, a bathroom with a toilet, a bed, a refrigerator, and a sofa. The cab area and the living space were separated by a cloth curtain. The camper contained all of defendant's clothing and other personal belongings as well as food and water.

During the period from November 5, 1998, to November 5, 1999, defendant often slept in and otherwise lived in his camper. From time to time, defendant parked the camper at or near the intersection of Cameron Drive and Country Club Road in the City of Buena Park. On November 4, 1999, defendant's camper was parked at this location in front of a public park and approximately 135 feet from Beatty Elementary School.

Around 8:30 a.m. on November 4, 1999, after Irma Ponce dropped her children off at Beatty Elementary School, she saw defendant "showing his penis and . . . urinating by the school at the park." Ponce testified defendant, facing the school, urinated against a chain link fence separating the public park from the school. Ponce confronted defendant and told him that what he was doing was not right. He told Ponce the bathrooms were closed. Ponce replied, "[t]hat is still not right, you could have been more discreet." She opined, "He could at least face towards the bush." Ponce then testified that she got scared and continued on her way home.

On the following morning, Officer Chambliss of the Buena Park Police Department investigated a report defendant had the camper parked on the street "for some time" and was sleeping in the vehicle. When Officer Chambliss arrived, defendant was inside the camper.

Then Ponce happened upon the scene where Officer Chambliss was speaking with defendant. She walked up to them and told the officer about

defendant's conduct the previous day. Officer Chambliss asked Ponce whether she wanted to make a citizen's arrest and she answered in the affirmative.

Following Ponce's arrest of defendant, Officer Chambliss conducted a search of defendant's camper. According to Officer Chambliss, hidden behind the sofa in the living space was a "black basket-weave pattern belt, containing two hand-cuff holders containing handcuffs, two magazine pouches, each containing two magazine clips, and a holster containing a small blue steel .380 caliber semiautomatic handgun. The magazines contained within the pouches were fully loaded. The handgun had a live round in the chamber and also contained a fully loaded magazine." To recover the handgun, Officer Chambliss had to pull the sofa away from the wall of the camper. The handgun was lawfully registered to defendant.

On December 6, 1999, defendant was charged in an information alleging that he had violated section 626.9, subdivision (b) by willfully and unlawfully having in his possession and bringing upon the grounds of Beatty Elementary School, a firearm, without the permission of the school authorities.

On February 7, 2000, defendant filed a motion pursuant to section 1538.5 to suppress evidence recovered in the search of his camper on the ground that the search was incident to an unlawful arrest. Defendant also filed a motion to dismiss the information on the ground that the camper was a residence and therefore came within the exception of section 626.9, subdivision (c)(1). The trial court denied defendant's motions.

After the prosecution agreed to reduce defendant's charge to a misdemeanor violation of section 626.9, the parties agreed that the trial judge would decide the case based on stipulated facts. The trial court found defendant guilty. Defendant appealed.

## DISCUSSION

A., B.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

C.  *Did Defendant's Camper Constitute a "Residence" Within the Meaning of Section 626.9?*

Section 626.9, subdivision (b) provides: "Any person who possesses a firearm in a place that the person knows, or reasonably should know, is a

---

*See footnote, *ante,* page 22.

school zone, as defined in paragraph (1) of subdivision (e), unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority, shall be punished as specified in subdivision (f)." The statute defines "school zone" as "an area in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12 inclusive, or within a distance of 1,000 feet from the grounds of the public or private school." (§ 626.9, subd. (e)(1).)

Here, defendant acknowledges that on November 4, 1999, his camper was parked only 135 feet away from the grounds of Beatty Elementary School and that a firearm within the meaning of section 626.9 was in his camper. Defendant does not contend he was unaware he was in a school zone or that he had written permission from the school authorities to possess a firearm within 1,000 feet of Beatty Elementary School.

Defendant argues that possession of the firearm in his camper fell into the residence exception of the statute. Section 626.9, subdivision (c) provides, "Subdivision (b) does not apply to the possession of a firearm under any of the following circumstances: [¶] (1) Within a place of residence or place of business or on private property, if the place of residence, place of business, or private property is not part of the school grounds and the possession of the firearm is otherwise lawful. [¶] (2) When the firearm is an unloaded pistol, revolver, or other firearm capable of being concealed on the person and is in a locked container or within the locked trunk of a motor vehicle." (§ 626.9, subd. (c)(1), (2).) The statute further provides that the term " '[l]ocked container' has the same meaning as that term is given in subdivision (c) of Section 12026.1." (§ 626.9; subd. (e)(3).) Section 12026.1, subdivision (c) defines a locked container as "a secure container which is fully enclosed and locked by a padlock, key lock, combination lock, or similar locking device."

The statute does not define the term "residence." Defendant contends the parties stipulated that the camper was defendant's residence and thus conclusively established defendant's possession of the firearm was not prohibited by section 626.9. We disagree. While the parties stipulated that "the camper was Mr. Anson's residence" and "also a vehicle," the stipulation does not state the camper was a residence within the meaning of section 626.9 and thus does not conclusively establish the applicability of the residence exception here.

We conclude that defendant's camper is not a residence within the meaning of section 626.9, subdivision (c)(1). Defendant's camper was fully operable as a vehicle and, in fact, defendant regularly moved the camper

from place to place. While a house or an apartment building cannot be moved into or away from a school zone, defendant's camper could have been moved 1,000 feet within or away from Beatty Elementary School. The camper was parked on a public street—a place not regularly used for residential purposes and not zoned for camping. The living area of the cab was separated from the driver's seat only by a cloth curtain; thus the contents, including defendant's loaded semiautomatic handgun, in the living area were accessible to the driver of the camper. Construing a residence within the meaning of section 626.9, subdivision (c)(1) to include a camper would eliminate much of the protection offered by the statute.

The semiautomatic handgun was loaded and was not contained in a locked trunk or locked container as defined by section 12026.1. Officer Chambliss found the handgun behind the sofa in the living area of the camper. Therefore, the exception of section 626.9, subdivision (c)(2) does not apply either. Defendant was properly convicted for violation of section 626.9.

DISPOSITION

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Bedsworth, J., concurred.

A petition for a rehearing was denied January 2, 2003, and on January 7, 2003, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 26, 2003. Kennard, J., was of the opinion that the petition should be granted.